United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 19, 2003**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-20655

_____

BENCHMARK ELECTRONICS, INC.,

Plaintiff-Appellant,

versus

J. M. HUBER CORP.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Texas

_____

ORDER ON REHEARING
(Opinion August 20, 2003, 5ᵗʰ Cir. 2003, 343 F.3d 719)

Before REAVLEY, JOLLY and JONES, Circuit Judges.

BY THE COURT:

It is ordered that the opinion in this case is modified

by replacing the following sentence, found at 343 F.3d 719, 731:

> "We decline to resolve the ambiguity on appeal
> and, instead, remand for the parties to
> present extrinsic evidence supporting their
> interpretations of the agreement."

with this:

> "Regardless whether the clause is technically ambiguous, there are factual issues surrounding its application.  These matters must be explored more fully."

Further, in Footnote 10, the introductory clause, "In addition to the ambiguous contract language" is struck.

Otherwise, the opinion remains unchanged.

The petition for rehearing is, except to the foregoing extent, **DENIED**.  The petition for rehearing en banc is **DENIED**, no member of the court having requested a poll.

ENDRECORD

REAVLEY, Circuit Judge, concurring:

I have concurred in the judgment reversing, as premature, the summary judgment of the district court. I agree with the current writing in disclaiming factual ambiguity of the material adverse change clause. If the majority is saying only that there is no waiver or disclaimer of fraudulent inducement, Benchmark's tort claim under Texas law, I agree. I would not agree that Texas law allows a tort claim for misrepresentation in the contract itself.